AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **John Dinae Jr** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR01044-001JB** |
| | USM Number: **54167-051** |
| | Defense Attorney: **Tom Jameson, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2244(a)(3) and 2246(3) | Abusive Sexual Contact; Crime in Indian Country, 18 U.S.C. Sec. 1153 | 01/01/2003 | |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| **San Juan** | **August 31, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **September 1, 2010** |
| | Date Signed |

Defendant: **John Dinae Jr**
Case Number: **1:10CR01044-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court has considered the Guidelines and, in arriving at its sentence, has taken account of the Guidelines with other sentencing goals. Specifically, the Court has considered the Guidelines` sentencing range established for the applicable category of offense committed by the applicable category of Defendant. The Court believes that the Guidelines` punishment is appropriate for this sort of offense. Therefore, the sentence in this judgment is consistent with a guideline sentence. The Court has considered the kind of sentence and range established by the Guidelines. The Court believes that a sentence of 18 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public and effectively provides the Defendant with needed education or vocational training and medical care, and otherwise fully reflects each of the factors embodied in 18 U.S.C. Section 3553(a). The Court also believes the sentence is reasonable. The Court believes the sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in the Sentencing Reform Act.**

☒   The court makes these recommendations to the Bureau of Prisons:

   **Tucson Federal Correctional Institution, Tucson, Arizona, if eligible
   The Court recommends the BOP sex offender program.**

☐   The defendant is remanded to the custody of the United States Marshal.
☒   The defendant must surrender to the United States Marshal for this district:
   ☐   at   on
   ☒   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on
   ☐   as notified by the United States Marshal
   ☐   as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **John Dinae Jr**
Case Number: **1:10CR01044-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall immediately register as a sex offender at the Sheriff's Office or designated agency in the permanent or temporary county of residence and in accordance with all registration requirements in local, state and federal laws;
15) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;

16) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);
17) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;
18) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;
19) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;
20) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;
21) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;
22) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **John Dinae Jr**
Case Number: **1:10CR01044-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.**

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

Defendant: **John Dinae Jr**
Case Number: **1:10CR01044-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or

B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act of 1996, the Defendant must make restitution if monetary losses are provided by the victim or her guardian. As yet, no information regarding monetary loss has been received. The Court shall set a date for the final determination of the victim`s losses which shall not exceed 90 days after this sentencing.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.